IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00242-WJM-KLM

ROSE DANIEL,

　　　Plaintiff,

v.

HAERYON KIM,

　　　Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to**

**F.R.C.P. 12(b)(1) and 12(b)(6)** [Docket No. 14; Filed May 31, 2011] (the "Motion").  Plaintiff

filed Responses [Docket Nos. 15 & 24] in opposition to the Motion on June 21, 2011 and

July 8, 2011.  Defendant filed a Reply [Docket No. 25] on July 20, 2011.  Pursuant to 28

U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this

Court for a recommendation regarding disposition.  The Court has reviewed the pleadings,

the entire case file, and the applicable law, and is sufficiently advised in the premises.  For

the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

**I. Summary of the Case**

Plaintiff is a former student of Fort Lewis College ("Fort Lewis") in Durango,

Colorado.  Defendant is the Dean of Students at Fort Lewis.  On January 29, 2011, Plaintiff

filed a Complaint [Docket No. 1] in which she claims that Defendant violated the rights

guaranteed to her by the Fifth and Fourteenth Amendments to the United States Constitution by effectively denying her the ability to continue her education at Fort Lewis. Specifically, Plaintiff alleges that Defendant determined that she had violated the Fort Lewis Student Code of Conduct without first conducting a hearing to afford her an opportunity to present a defense to the allegations against her.   Plaintiff alleges that the Fort Lewis Student Code of Conduct provides a student charged with violating the Code "an unqualified right to a hearing" as long as the student officially disputes the charge at a required "Pre-Hearing Interview" with Fort Lewis administrators.  *Complaint* [#1] at 2, ¶ 11. Plaintiff explains the allegedly required hearing procedure as follows:

> The Student Code of Conduct provides that the fact-finding decision maker at the hearing will be a Judicial Panel composed of the Dean of Students, the Judicial Coordinator, and two students[.]  The Student Code of Conduct, seemingly contradictorily, also provides that four students will be appointed to serve on the Judicial Panel.

*Id.* at ¶ 12.

Plaintiff alleges the following factual background.   On November 19, 2010, Defendant notified Plaintiff by letter that she was charged with violating the Fort Lewis Student Code of Conduct by bringing "marijuana-laced food items to the Program for Academic Advancement and the Freshman Math Program."  *Id.* at 3, ¶ 14.  On November 22, 2010, Plaintiff responded in writing to Defendant's letter and "disputed the allegations against her."  *Id.* at ¶ 17.  On December 2, 2010, Plaintiff "attended a Pre-Hearing Interview at which she denied . . . the charges [against her] and requested a hearing."  *Id.* at 4, ¶ 20. On January 21, 2011, Defendant met with Plaintiff and told her that "she had received word from a Fort Lewis University police officer that the [Colorado Bureau of Investigation] had informed him that the food items in question had tested positive for marijuana."  *Id.* at 5, ¶

26. At that same meeting, Defendant allegedly stated the following: (1) Plaintiff "was [not] entitled to a hearing"; (2) "no hearing would be scheduled"; (3) Defendant "had found [Plaintiff] responsible without a hearing"; (4) "no hearing was necessary" in light of the Colorado Bureau of Investigation's findings; and (5) Defendant would inform Plaintiff "when she had determined the appropriate punishment: suspension or expulsion." *Id.* at ¶ 27. On January 25, 2011, Plaintiff withdrew from spring semester classes at Fort Lewis. *Id.* at ¶ 29.

Plaintiff now seeks an award of monetary damages and injunctive relief against Defendant in her individual capacity. *Id.* at 8; *id.* at 2, ¶ 6 ("The Defendant is being sued strictly in her personal, not her official, capacity."). Because she alleges that Defendant's conduct violated the Fifth and Fourteenth Amendments, she brings her claim pursuant to 42 U.S.C. § 1983.

Defendant contends that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for the following reasons: (1) the Court "lacks jurisdiction pursuant to the *Younger* doctrine that bars federal claims that would interfere with state court action currently proceeding on the same claims"; (2) "Plaintiff's admitted voluntary withdrawal from [Fort Lewis] deprives her of standing to assert a claim [and] demonstrates that she has not suffered a due process violation as a result of any [of Defendant's] conduct"; and (3) "Plaintiff's claims are waived by her failure to avail herself of the process available to her" at Fort Lewis. *Motion* [#14] at 1-2.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are

courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ.

P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

### III. Analysis

Defendant first contends that the *Younger* abstention doctrine requires the Court to decline to exercise its jurisdiction over Plaintiff's claim because adjudication of the claim would interfere with an ongoing action that Plaintiff filed in Colorado state court challenging the "same procedural events that occurred with respect to [her] status at [Fort Lewis]."

*Motion* [#14] at 7.  "Under the *Younger* abstention doctrine, federal courts should not

'interfere with state court proceedings by granting equitable relief – such as injunctions of

important state proceedings or declaratory judgments regarding constitutional issues in

those proceedings – ' when a state forum provides an adequate avenue for relief." *Weitzel*

*v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of the State of Utah*,

240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th

Cir. 1999)).  "*Younger* abstention is non-discretionary; the district court must abstain once

the conditions are met, absent extraordinary circumstances."  *Id.* (internal quotations

omitted).  The Court of Appeals for the Tenth Circuit has stated the conditions for

abstention as follows:

> A federal court must abstain from exercising jurisdiction when: (1) there is an
> ongoing state criminal, civil, or administrative proceeding; (2) the state court
> provides an adequate forum to hear the claims raised in the federal
> complaint; and (3) the state proceedings "involve important state interests,
> matters which traditionally look to state law for their resolution or implicate
> separately articulated state policies."

*Amanatullah v. State Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (*quoting*

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

In this case, the Court agrees with Defendant and finds that abstention from the

exercise of jurisdiction is necessary.  On February 1, 2011, Plaintiff filed a "Complaint for

Judicial Review" [Docket No. 14-1] in the District Court for La Plata County.  The Complaint

for Judicial Review raises the exact same allegations that are raised in the Complaint [#1]

filed in this action, and it seeks an order directing Fort Lewis and Defendant to (1) "rescind

the factual finding entered against [Plaintiff]," and (2) "not enter or enforce any penalty

against [Plaintiff] without providing her all the rights provided for by the Fort Lewis College

Student Code of Conduct and otherwise required by applicable law." *Complaint for Judicial Review* [#14-1] at 7.   Accordingly, there is an ongoing state civil proceeding involving important state interests and a state policy, i.e., the Fort Lewis Student Code of Conduct, in which Plaintiff can raise her claim that Defendant's conduct violated the federal constitution.   *See generally Allen v. McCurry*, 449 U.S. 90, 105 (1980) (citing *Stone v. Powell*, 428 U.S. 465, 493-94 n.35 (1976), for its "emphatic reaffirmation . . . of the constitutional obligation of the state courts to uphold federal law, and its expression of confidence in their ability to do so"); *see also Motion* [#14] at 8 (arguing that the state has an important interest in "post-secondary student enrollment and student conduct at a state institution of higher learning").

Plaintiff contends that the *Younger* doctrine is inapplicable because her action in the District Court for La Plata County does not provide her with an adequate opportunity to assert her constitutional claims against Defendant.   Plaintiff states that her action in La Plata County was brought under Colorado Rule of Civil Procedure 106(a)(4), and she asserts that "the state court is prohibit [sic] from considering any constitutional issues in [a] Rule 106(a)(4) proceeding."   *Response* [#15] at 2 (citing *Two G's, Inc. v. Kalbin*, 666 P.2d 129 (Colo. 1983); *Price Haskel, Inc. v. Denver Dep't of Excise & Licenses*, 694 P.2d 364 (Colo. Ct. App. 1984)).

Plaintiff misunderstands the law.   Colorado Rule of Civil Procedure 106(a)(4) provides a cause of action "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion."   Plaintiff is correct that she cannot challenge the *facial* constitutionality of the Fort Lewis Student Code of Conduct or any other law, general rule, or "policy applicable

to an open class of individuals" in a Rule 106(a)(4) action. *Tri-State Generation &*

*Transmission Co. v. City of Thornton*, 647 P.2d 670, 676 n.7 (Colo. 1982); *Two G's*, 666

P.2d at 133 (holding that "the facial constitutionality of [an ordinance] is beyond the scope

of issues reviewable under Colo. R. Civ. P. 106(a)(4)").  However, in a Rule 106(a)(4)

action, Plaintiff may challenge the constitutionality of the Fort Lewis Student Code of

Conduct or any other general rule or policy **as it has been applied to her by Defendant**.

*Tri-State Generation*, 647 P.2d at 676 n.7 (stating that "[t]he fact that a constitutional issue

is raised does not preclude" review of a judicial or quasi-judicial decision by a state official

in a Rule 106(a)(4) proceeding (citing *Snyder v. City of Lakewood*, 542 P.2d 371, 375-76

(1975))); *id.* (stating that a "constitutional challenge to an [ordinance, policy, or general rule]

as applied . . . is generally . . . subject only to Colo. R. Civ. P. 106(a)(4) review"); *Haney v.*

*City Court In & For City of Empire*, 779 P.2d 1312, 1315 n.3 (Colo. 1989) ("In a Colo. R.

Civ. P. 106(a)(4) proceeding we are limited to addressing the constitutionality of an

ordinance 'as applied.'").

The Colorado Court of Appeals has explained that a state court hearing a Rule

106(a)(4) challenge to the imposition of school discipline may consider a student's claim

that the disciplinary procedures employed violated her constitutional due process rights:

> To determine whether the board of education abused its discretion, the
> district court must examine the entire procedure used in the student's
> expulsion, including the board's exercise of discretion to provide a certain
> level of due process to the student.  Thus, the power to review due process
> claims is inherent in the district court's authority to review the board's
> determinations for an abuse of discretion [in a Colo. R. Civ. P. 106(a)(4)
> proceeding].

*Nichols ex rel. Nichols v. DeStefano*, 70 P.3d 505, 507 (Colo. Ct. App. 2002) (internal

citations omitted).  Moreover, the Court of Appeals has clearly stated that "relief under both

[42 U.S.C. § 1983] and Colo. R. Civ. P. 106 is compatible in the same case." *Rogers v. Bd. of Trustees of Town of Fraser*, 859 P.2d 284, 291 (Colo. Ct. App. 1993); *see also Sclavenitis v. City of Cherry Hills Vill. Bd. of Adjustment & Appeals*, 751 P.2d 661, 664-65 (Colo. Ct. App. 1988) (finding that a trial court erred in dismissing claims brought under 42 U.S.C. § 1983 as not being within the ambit of Colo. R. Civ. P. 106(a)(4)).

In her Complaint [#1] in this case, Plaintiff does not challenge the facial constitutionality of the Fort Lewis Student Code of Conduct or any other policy or general rule.  Rather, she challenges the constitutionality of Defendant's application of the Fort Lewis Student Code of Conduct to her situation.  Accordingly, the Court finds that Plaintiff's action in the District Court for La Plata County affords her an adequate opportunity to assert her constitutional claims against Defendant.

As a final matter, Plaintiff asserts in her Response that she "will be dismissing" her action in La Plata County.  *Response* [#24] at 6.  However, as Defendant points out, until the state court action is dismissed and Plaintiff provides notice of the dismissal on the record in this case, the *Younger* abstention doctrine applies and the Court lacks jurisdiction to adjudicate Plaintiff's § 1983 claim.  *Reply* [#25] at 9.  Accordingly, the Court concludes that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)).

## IV.  Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendant's Motion

[#14] be **GRANTED** and Plaintiff's Complaint [#1] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: July 22, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge